UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

ELIZABETH FLINT,                                                    CV

                                    Plaintiff,

          v.                                                        COMPLAINT

1515 BROADWAY OWNER LP AND                                          JURY TRIAL REQUESTED
BROADWAY SRJ, LLC,

                                    Defendants.
---------------------------------------------------------------x

## COMPLAINT

Plaintiff Elizabeth Flint (hereafter referred to as "Plaintiff"), by counsel, Parker

Hanski LLC, as and for the Complaint in this action against Defendants 1515 Broadway

Owner LP and Broadway SRJ, LLC (together referred to as "Defendants"), hereby

alleges as follows:

## NATURE OF THE CLAIMS

1.      This lawsuit opposes pervasive, ongoing, and inexcusable disability

discrimination by the Defendants. In this action, Plaintiff seeks declaratory, injunctive,

and equitable relief, as well as monetary damages and attorney's fees, costs, and expenses

to redress Defendants' unlawful disability discrimination against Plaintiff, in violation of

Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et. seq.* and

its implementing regulations, the New York State Human Rights Law ("NYSHRL"),

Article 15 of the New York State Executive Law ("Executive Law"), the New York State

Civil Rights Law ("NYCRL"), § 40 *et. seq.*, and the New York City Human Rights Law

("NYCHRL"), Title 8 of the Administrative Code of the City of New York

("Administrative Code"). As explained more fully below, Defendants violate each of the

ADA, NYSHRL, NYCRL, and NYCHRL (collectively, the "Human Rights Laws")

through their ownership, lease of, lease to, operation, and control of a restaurant known as "Junior's", a place of public accommodation . Defendants are vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

2.      Defendants chose to violate the Human Rights Laws ' explicit legal requirements that they  make their place of public accommodation accessible to persons with disabilities. In so doing, Defendants made a calculated, but unlawful, decision that disabled customers are not desired as patrons of their place of public accommodation.

3.      By this action Plaintiff seeks to right Defendants' wrongful acts. Plaintiff acts to compel Defendants to make their  place of public accommodation fully accessible to disabled persons that use wheelchairs so that Plaintiff, and other similarly situated persons, can finally have the opportunity enjoy the full and equal opportunity that Defendants provide to non-disabled customers.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188, and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA. The Court has supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants' acts of discrimination alleged herein occurred in this district and Defendants' place of public accommodation that is the subject of this action is located in this district.

## PARTIES

6.      At all times relevant to this action, Plaintiff Elizabeth Flint has been and remains currently a resident of the State and City of New York.

7.      At all times relevant to this action, Plaintiff Elizabeth Flint has been and remains a wheelchair user.

8.      Plaintiff requires a wheelchair for mobility as she suffers from medical conditions that inhibit her ability to walk and restrict her range of motion and movement.

9.      Defendant 1515 Broadway Owner LP owns the property located at 1515 Broadway in New York County, New York ( "1515 Broadway").

10.      At all relevant times, defendant Broadway SRJ, LLC operates and/or leases property located at 1515 Broadway from defendant 1515 Broadway Owner LP in which the restaurant knowns as Junior's is located (hereinafter "Junior's Restaurant").

11.      Upon information and belief, 1515 Broadway Owner LP and Broadway SRJ, LLC have a written lease agreement.

12.      At all relevant times, defendant Broadway SRJ, LLC has owned and operated Junior's Restaurant.

13.      Each of the defendants is licensed to and does business in New York State.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

14.      Each of the Defendants is a public accommodation as they own, lease, lease to, control or operate a place of public accommodation, Junior's Restaurant located at 1515 Broadway, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code § 8-102).

15.     Junior's Restaurant is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104) as it is a facility operated by a private entity whose operations affect commerce, and is "a restaurant, bar, or other establishment serving food or drink".

16.     Junior's Restaurant is also a place of public accommodation within the meaning of the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code (§ 8-102).

17.     Numerous architectural barriers at Junior's Restaurant, including architectural barriers at the paths of travel into the premises prevent and restrict Plaintiff's access to Junior's Restaurant based on disability.

18.     Upon information and belief, at various times after January 26, 1992, alterations were made to Junior's Restaurant, and to areas of 1515 Broadway related to Junior's Restaurant.

19.     Within the past three years of filing this action, Plaintiff attempted to and desired to access the Junior's Restaurant premises.

20.     The services, features, elements and spaces of Junior's Restaurant are not readily accessible to and usable by Plaintiff as required by the 1991 ADA Standards for Accessible Design codified in 28 C.F.R. Part 36, Appendix D (hereinafter referred to as the "1991 Standards" or the "1991 ADA") or in the 2010 ADA Standards for Accessible Design codified in 36 CFR part 1191 Appendices B and D and 28 CFR part 36 subpart D (hereinafter referred to as the "2010 Standards" or the "2010 ADA").

21.     The services, features, elements and spaces of Junior's Restaurant are not readily accessible to and usable by Plaintiff as required by the NYC Standards. (As used

in this Complaint, the "NYC Standards" are the provisions that require access for persons with physical disabilities to buildings contained in the 1968 New York City Building Code, Administrative Code, Title 27 ("1968 BC"), including the 1968 BC Reference Standard ANSI 117.1-1986 ("1968 Ref Std"), the 2008 New York City Building Code ("2008 BC") including the 2008 BC Reference Standard ICC/ANSI 117.1 2003 ("2008 Ref Std") and the 2014 New York City Building Code ("2014 BC") including the 2014 BC Reference Standard ICC/ANSI 117.1 2009 ("2014 Ref Std")).

22.     Because of Defendants' failure to comply with the Human Rights Laws, including the 1991 Standards, the 2010 Standards, and the NYC Standards, Plaintiff was and has been unable to enjoy safe, equal, and complete access to all of the areas of Junior's Restaurant that are open and available to the public.

23.     Defendants' place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, and the NYC Standards.

24.     Barriers to access that Plaintiff personally encountered, and which deter Plaintiff from patronizing Junior's Restaurant include, but are not limited to, the following:

I.      No  accessible route is provided from the public street and sidewalk to the restaurant's public entrance.
        *Defendants fail to provide that at least one accessible route shall be provided within the site from public streets and sidewalks to the accessible building or facility entrance they serve. See 1991 ADA § 4.1.2(1); 2010 ADA § 206.2.1; 1968 BC§ 27-292.5(b); 2008 BC § 1104.1; and 2014 BC § 1104.1.*

II.     No accessible route is provided from the public sidewalk to the public entrance that coincides with the general circulation path.
        *Defendants do not provide an accessible route to the retail facilities from each site arrival point including public transportation stops, accessible parking, public streets or sidewalks that coincides with the general*

*circulation path used by patrons thereby relegating plaintiff to a "second class citizen" entrance and exit. See 1991 ADA §§ 4.3.2(1) and 4.1.2(1); 2010 ADA §§ 206.1 and 206.2; 1968 BC§ 27-292.5(b); 2008 BC §§ 1104.1 and 1104.5 and 2014 BC §§ 1104.1 and 1104.5.*

III.     The public entrance does not comply with any of the 1991 Standards, the 2010 Standards, and the NYC Standards.
*Defendants fail to provide that at least 50% of all its public entrances are accessible. See 1991 ADA § 4.1.3(8)(a)(i).*
*Defendants fail to provide that at least 60% of all its public entrances are accessible. See 2010 ADA § 206.4.1.*
*Defendants fail to provide that primary entrances are accessible. See 1968 BC § 27-292.5(a).*
*Defendants fail to provide that all of its public entrances are accessible. See 2008 BC § 1105.1; and 2014 BC § 1105.1.*

IV.     There are steps greater than ½ inch high to the public entrance of the restaurant.
*Defendants fail to provide that changes in level at accessible routes greater than 1/2-inch-high shall be overcome with a ramp, elevator, or platform lift. See 1991 ADA § 4.3.8; and 1968 Ref Std § 4.3.8.*
*Defendants fail to provide that changes in level at accessible routes greater than 1/2-inch-high shall be ramped. See 2010 ADA § 303.4; 2008 Ref Std § 303.3; and 2014 Ref Std § 303.4.*

V.      The stairs at the public entrance lack handrail extensions on the top and/or bottom of the stairs.
*Defendants fail to provide handrails at the top and bottom of stairs that extend beyond and in the same direction of stair flights. See 1991 ADA § 4.9.4(2); 2010 ADA § 505.10; 1968 Ref Std § 4.9.4(2); 2008 Ref. Std § 505.10; and 2014 Ref. Std § 505.10.*

VI.     The required maneuvering clearances for pulling open the restaurant's entrance door is not provided.
*Defendants fail to provide that floor or ground surface within required maneuvering clearances at doors shall have slopes not steeper than 1:48 (2.0%) and changes in level are not permitted. 60 inches perpendicular to the door for 18 inches parallel to the door beyond the latch is required for a forward approach to the pull side of a door, or 54 inches perpendicular to the door for 24 inches parallel to the door beyond the latch is required for a latch approach to the pull side of a door. See 1991 ADA § 4.13.6; 2010 ADA § 404.2.4; 1968 Ref Std § 4.13.6; 2008 Ref Std § 404.2.3; and 2014 Ref Std § 404.2.3.*

VII.    No accessible route is provided from the public sidewalk to the entrance which services persons that purchase "to-go"/takeout items.
*Defendants fail to provide that at least one accessible route shall be provided within the site from public streets and sidewalks to the accessible building or facility entrance they serve. See 1991 ADA § 4.1.2(1); 2010*

6

*ADA § 206.2.1; 1968 BC§ 27-292.5(b); 2008 BC § 1104.1; and 2014 BC § 1104.1.*

VIII.     There are  steps greater than ½ inch high at the exterior route to the entrance which services persons that purchase "to-go"/takeout items. *Defendants fail to provide that changes in level at accessible routes greater than 1/2-inch-high shall be overcome with a ramp, elevator, or platform lift. See 1991 ADA § 4.3.8; and 1968 Ref Std § 4.3.8. Defendants fail to provide that changes in level at accessible routes greater than 1/2-inch-high shall be ramped. See 2010 ADA § 303.4; 2008 Ref Std § 303.3; and 2014 Ref Std § 303.4.*

IX.     The stairs at the takeout entrance lack handrail extensions on the top and bottom of the stairs. *Defendants fail to provide handrails at the top and bottom of stairs that extend beyond and in the same direction of stair flights.  See 1991 ADA § 4.9.4(2); 2010 ADA § 505.10; 1968 Ref Std § 4.9.4(2); 2008 Ref. Std § 505.10; and 2014 Ref. Std § 505.10.*

X.     An accessible route is not provided from the public sidewalk to the exterior dining area. *Defendants fail to provide that at least one accessible route shall be provided within the site from public streets and sidewalks to the accessible building or facility entrance they serve. See 1991 ADA § 4.1.2(1); 2010 ADA § 206.2.1; 1968 BC§ 27-292.5(b); 2008 BC § 1104.1; and 2014 BC § 1104.1.*

XI.     At the steps to each of the circulation routes Defendants fail to provide handrails that extend at least 12 inches beyond the top and bottom of the ramp/walkway in a parallel return. *See 1991 ADA § 4.8.5(2); 2010 ADA § 505.10; 1968 Ref. Std § 4.8.5; 2008 Ref. Std § 505.10; and 2014 Ref. Std § 505.10.*

XII.     There is no accessible route of at least 36 inches of minimum width to all interior or exterior dining areas. *Defendants fail to provide an accessible route of at least 36 inches of minimum width to all dining areas and seating.  See 1991 ADA §§ 5.3 and 4.32.2; 2010 ADA §§ 403 and 902.2; 1968 BC § 27-292.5(c); 1968 Ref Std § 4.3.3; 2008 Ref Std § 403.5; and 2014 Ref Std § 403.5.*

XIII.     In the exterior dining area, Defendants fail to provide a space for dining where plaintiff's wheelchair does not overlap the accessible route, nor do defendants provide  a space for dining that adjoins an accessible route. *See 1991 ADA § 4.32.2 and 2010 ADA § 305.6.*

XIV.     There are no accessible tables in the exterior dining area. All tables have chairs, and/or a pedestal that obstruct knee and toe clearances required for a forward approach to the seating.

*Defendants fail to provide that at least 5% of the dining surfaces provided to customers are accessible. See 1991 ADA § 5.1; 2010 ADA § 226.1; 1968 BC § 27-292.10(a)(3); 2008 BC § 1109.11; and 2014 BC § 1109.10. Defendants fail to provide (due to chairs, table pedestals and/or table legs) a clear floor space of 30 inches by 48 inches positioned for a forward approach and the required knee and toe clearance at accessible work surfaces and/or table surfaces. See 1991 ADA § 4.32.2; 2010 ADA § 902.2; 1968 Ref Std § 4.30.2; 2008 Ref Std § § 902.2; and 2014 Ref Std § 902.2.*

XV.   There are no accessible tables in the interior dining area. All tables have chairs, and/or a pedestal that obstruct knee and toe clearances required for a forward approach to the seating.

*Defendants fail to provide that at least 5% of the dining surfaces provided to customers are accessible. See 1991 ADA § 5.1; 2010 ADA § 226.1; 1968 BC § 27-292.10(a)(3); 2008 BC § 1109.11; and 2014 BC § 1109.10. Defendants fail to provide (due to chairs, table pedestals and/or table legs) a clear floor space of 30 inches by 48 inches positioned for a forward approach and the required knee and toe clearance at accessible work surfaces and/or table surfaces. See 1991 ADA § 4.32.2; 2010 ADA § 902.2; 1968 Ref Std § 4.30.2; 2008 Ref Std § § 902.2; and 2014 Ref Std § 902.2.*

XVI.  There is no accessible seating at the bar.

*Where food or drink is served at counters exceeding 34 inches in height for consumption by customers seated on stools or standing at the counter, a portion of the main counter which is 60 inches in length minimum shall be accessible or service shall be available at accessible tables within the same area. See 1991 ADA § 5.2.*

*Defendants fail to provide that where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall be accessible. See 2010 ADA § 226.1.*

*Defendants fail to provide that at least 5 percent of the seating and standing spaces are accessible. See 1968 BC § 27-292.10(a)(3); 2008 1109.11; and 2014 BC § 1109.10.*

XVII.  The bar counters exceed 34 inches in height.

*The tops of accessible dining surfaces shall be 28 inches minimum and 34 inches maximum above the finish floor.  See 1991 ADA § 4.32.4; 2010 ADA § 902.3; 1968 Ref Std § 4.30.4; 2008 Ref Std § § 902.3; and 2014 Ref Std § 902.4.*

XVIII.  Accessible dining surfaces are not identified by the International Symbol of Accessibility (to the extent Defendants claim they provide accessible table(s)).

*Defendants fail to provide that accessible seating shall be identified by the International Symbol of Accessibility. See 2008 BC § 1110.1(9) and 2014 BC § 1110.1(11).*

8

XIX.   The takeout counters are more than 36 inches high above the finish floor *See 1991 ADA §7.2; 2010 ADA §904.4; 2008 Ref. Std § 904.3; and the 2014 Ref. Std § 904.3.*

25.     Upon information and belief, a full inspection of Junior's Restaurant will reveal the existence of other barriers to access.

26.     As required by the ADA's remedial purpose to properly remedy Defendants' discriminatory violations and avoid piecemeal litigation, Plaintiff requires a full inspection of Junior's Restaurant to catalogue and cure all of the areas of non-compliance with the ADA. Notice is hereby given that Plaintiff intends on amending the Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

27.     Defendants have denied Plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

28.     Defendants have not satisfied their statutory obligation to ensure that their policies, practices, procedures for persons with disabilities are compliant with the laws.

29.     Defendants have failed to make or provide accommodations or modifications to persons with disabilities.

30.     Plaintiff has a realistic, credible, and continuing threat of discrimination from the Defendants' non-compliance with the laws prohibiting disability discrimination as the barriers to access within Junior's Restaurant continue to exist and deter Plaintiff.

31.     Plaintiff travels to the Times Square area in which Junior's Restaurant is located at least four times a year.

32.     Plaintiff is a fan of live theatre and music and enjoys going to shows, including those in the Theatre District[1].

33.     Plaintiff enjoys dining out.

34.     When Plaintiff goes to a show, she also likes to dine out.

35.     Plaintiff travels to the Theatre District and the Times Square area to socialize, dine and to also enjoy the area's live theatre and shows.

36.     Prior to the onset of the COVID-19 pandemic and the subsequent closure of live theatre, Plaintiff would attend multiple Broadway shows each year in the Theatre District.

37.     Since September 14, 2021, the date that live theatre was permitted to reopen to the public[2], Plaintiff has seen multiple Broadway shows in the Theatre District, including shows in October 2021, November 2021 and October 2022

38.     In November 2021 Plaintiff patronized Junior's Restaurant for a pre-theatre dinner.

39.     Plaintiff patronized Junior's Restaurant as she likes its food.

40.     Plaintiff is especially fond of Junior's Restaurant's famous cheesecake.

---

[1] As used herein, the "Theatre District is defined as the area in Midtown Manhattan which "extends from 40th Street to 54th Street, and from west of Sixth Avenue to east of Eighth Avenue, and includes Times Square.". Theatre District, NY, New York, NY, Neighborhood – MapQuest, https://www.mapquest.com/us/new-york/theatre-district-ny-282012207.  It is the area where most Broadway theatres are located, as well as many other theatres, movie theatres, restaurants, hotels and other places of entertainment.". *Id*.

[2] Live theatre was shut down as of 5pm on March 12, 2020 due to the COVID-19 pandemic by Executive Order 202.1  https://www.politico.com/states/new-york/city-hall/story/2020/03/12/cuomo-to-order-broadway-closure-reduced-capacity-at-restaurants-bars-1266736. Live theatre reopened to the public on September 14, 2021. https://www.governor.ny.gov/news/governor-cuomo-announces-broadway-fully-reopen-its-doors-september .

41.     Plaintiff also patronized Junior's Restaurant because she appreciates that it is conveniently located in the Times Square area and within the Theatre District.

42.     Although Plaintiff enjoys the food at Junior's Restaurant, the barriers to wheelchair access Plaintiff had to overcome to dine at Junior's Restaurant were considerable.

43.     Being forced to surmount barriers to wheelchair access to dine, deters Plaintiff from returning

44.     Being treated as inferior to other patrons based on disability by Defendants, mars Plaintiff's dining experience and deters her from returning to Junior's Restaurant and enjoying its food.

45.     Therefore, while Plaintiff wants to patronize Junior's Restaurant, especially during her visits to the Times Square area and the Theatre District, she is deterred from going to Junior's Restaurant.

46.     By maintaining barriers to wheelchair access at Junior's Restaurant, Defendants deny Plaintiff on the basis of disability, full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations ("equal access") Defendants offer at Junior's Restaurant. Some detail of Plaintiff's experience at Junior's Restaurant which evidences how Defendants deny her equal access follows.

47.     Defendants provide persons who do not use wheelchairs to ambulate the opportunity to access Junior's Restaurant at its public entrance, located on West 45th Street, directly from the public sidewalk.

48.     Defendants also provide persons who do not use wheelchairs to ambulate the opportunity to access Junior's Restaurant's outdoor dining area from two separate access points on West 45th street directly from the public sidewalk.

49.     Defendants deny Plaintiff due to her disability and consequent need to use a wheelchair to ambulate the opportunity to enter Junior's Restaurant at its public entrance, located on West 45th Street, directly from the public sidewalk.

50.     Defendants do so because they constructed a raised dining platform with steps that bar wheelchair access from the public sidewalk outside the public entrance.



Junior's Restaurant's Primary Entrance above Steps on West 45th Street



Junior's Restaurant, Primary Entrance, West 45th Street

51.     As is evident from the foregoing photos, Defendants do not allow Plaintiff based on disability the opportunity to enter Junior's Restaurant's at its public entrance (which is located on West 45th Street) from the public sidewalk

52.     Instead, Defendants require Plaintiff to enter Junior's Restaurant by means of a circuitous, convoluted route, obstructed by numerous obstacles.

53.     To enter Junior's Restaurant, Defendants require Plaintiff to go past the restaurant and turn down an alley to reach an exterior entry point.

54.     Once Plaintiff reaches the entry point within the alley she is still unable to access the interior of Junior's Restaurant. This is because there is no public entrance to the restaurant's interior near the alleyway entry point. From the alleyway entry point Defendants only provide Plaintiff with an inaccessible ramp to the raised outside dining area.

55.     To enter the interior of Junior's Restaurant, Defendants require Plaintiff to retrace her steps/backtrack to a point outside the restaurant's public entrance (located on West 45th Street).

56.     However, Defendants now place additional obstacles in Plaintiff's path. Not only must Plaintiff retrace her route, Plaintiff must navigate through a mass of people sitting and eating in the outside dining area.

57.     In order to access the inside of Junior's Restaurant Plaintiff must make her way past numerous individual obstacles: the patrons eating on the exterior dining platform.

58.     To do so Plaintiff must continuously stop at individual tables, get the attention of the people sitting and eating at the table, ask them to kindly stand and move their seats so she can get to the public entrance, located on West 45th Street, and then must wait, hoping these patrons are willing to do so.

59.     Doing so causes Plaintiff significant stress and humiliation. Defendants cause Plaintiff to suffer this stress and humiliation as instead of providing her the opportunity to access Junior's Restaurant independently, they disenable her by forcing her to rely on the willingness of strangers to allow her to enter Junior's Restaurant.



Patrons Dining on Junior Restaurant's Exterior Dining Area.

60.     Once Plaintiff finally makes it to the interior of Junior's Restaurant she encounters additional obstacles, as there are no interior accessible routes or accessible tables.

61.     Plaintiff intends to patronize Junior's Restaurant a minimum of once a year after it becomes fully accessible and compliant with the applicable Accessibility Standards (1991 Standards, 2010 Standards, and the NYC Standards).

62.     Plaintiff is also a "tester" for the purposes of asserting basic civil rights and monitoring, ensuring, and determining whether Junior's Restaurant is accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

63.     Plaintiff also intends to utilize her visits to Junior's Restaurant to monitor, ensure, and determine whether Junior's Restaurant is accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

## FIRST CAUSE OF ACTION
### (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

64.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

65.     Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA. As a direct and proximate result of Plaintiff's disability, Plaintiff uses a wheelchair for mobility, and has restricted use of her arms and hands.

66.     The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation.  28 C.F.R. 36.201(b).

67.     Under the ADA, both the property owner and lessee are liable to the Plaintiff, and neither can escape liability by transferring their obligations to the other by their lease agreement, or other contractual means.  28 C.F.R. 36.201(b).

68.     Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use their place of public accommodation all because Plaintiff is disabled.

69.     Defendants' policies and practices have and continue to subject Plaintiff to disparate treatment and disparate impact.

70.     By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, and not desired as patrons of their public accommodation.

71.     Defendants have discriminated against the Plaintiff by designing and constructing a building, facility and place of public accommodation that is not readily accessible to and usable by the disabled Plaintiff and not fully compliant with the 1991 Standards or the 2010 Standards. See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

72.     Junior's Restaurant is not fully accessible and fails to provide an integrated and equal setting for the disabled, all in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

73.     Defendants failed to make alterations accessible to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. §12183(a)(2).

74.     The paths of travel to the altered areas of primary function were not made accessible in violation of 28 C.F.R. § 36.403.

75.     Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304.

76.     It would be readily achievable to make Defendants' place of public accommodation fully accessible.

77.     By failing to remove the barriers to access where it is readily achievable to do so, Defendants have discriminated against Plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

78.     In the alternative, Defendants have violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

79.     Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

80.     Defendants continue to discriminate against Plaintiff in violation of the ADA by maintaining and creating an inaccessible public accommodation.

<u>**SECOND CAUSE OF ACTION**</u>
**(VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)**

81.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

82.     Plaintiff suffers from various medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life activities of both walking and body motion range. Plaintiff therefore suffers from a disability within the meaning of the Executive Law § 292(21).

83.     In 2019, the New York State legislature enacted legislation that provides effective immediately that the New York State Human Rights Law shall be "construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have been so construed". See Executive Law § 300 [effective date: August 12, 2019].

84.     By amending the Executive Law § 300 to mirror the text of the New York City Local Civil Rights Restoration Act of 2005 (Local Law 85 of 2005), the New York State legislature confirmed the legislative intent to abolish parallel construction between the New York State Human Rights Law and related Federal anti-discrimination laws.

85.     Defendants continue to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because Plaintiff is disabled.

86.     Defendants discriminated against Plaintiff in violation of NYSHRL (Executive Law § 296(2)), by maintaining and creating an inaccessible place of public accommodation.

87.     Each of the Defendants have aided and abetted others in committing disability discrimination.

88.     Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of NYSHRL (Executive Law § 296(2)(c)(iii)).

89.     In the alternative, Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of NYSHRL (Executive Law § 296(2)(c)(v)).

90.     It would be readily achievable to make Defendants' place of public accommodation fully accessible.

91.     It would not impose an undue hardship or undue burden on Defendants to make their place of public accommodation fully accessible.

92.     As a direct and proximate result of Defendants' unlawful discrimination in violation of NYSHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

93.     Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## (VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)

94.    Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

95.    Plaintiff suffers from various medical conditions that separately and together, impair Plaintiff's bodily systems - in particular, the life activity of both walking and body motion range -and thus Plaintiff has a disability within the meaning of the NYCHRL (Administrative Code § 8-102).

96.    The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 85, clarified the scope of the Administrative Code in relation to the NYCHRL. The Restoration Act confirmed the legislative intent to abolish "parallelism" between the NYCHRL and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be *construed liberally* for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act § 7 amending Administrative Code §8-130 of the NYCHRL (emphasis added). The Restoration Act is to be construed broadly in favor of Plaintiff to the fullest extent possible.  See also New York City Local Law 35 of 2016.

97.    Defendants continue to subject Plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).

98.     Each of the Defendants have aided and abetted others in committing disability discrimination.

99.     Defendants have and continue to commit disability discrimination in violation of the Administrative Code (inclusive of § 8-107(4)) because of the violations of the ADA as alleged herein.

100.    Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the NYCHRL (Administrative Code § 8-107(4)) by designing, creating and/or maintaining an inaccessible commercial facility/space.

101.    Defendants have subjected, and continue to subject, Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).

102.    Defendants' policies and procedures inclusive of the policies of refusing to expend funds to design, create and/or maintain an accessible commercial facility/space is a discriminatory practice in violation of NYCHRL (Administrative Code § 8-107 (4)).

103.    In violation of the NYCHRL (Administrative Code § 8-107(6)), Defendants have and continue to, aid and abet, incite, compel, or coerce each other in each of the other Defendants' attempts to, and in their acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space and the place of public accommodation therein, all because of disability, as well as other acts in violation of the NYCHRL.

104.    Administrative Code §§ 19-152 and 7-210 impose a non-delegable duty on the property owner to repave, reconstruct, repair, and maintain its abutting public

sidewalk.  As a result, 1515 Broadway Owner LP continuously controlled, managed, and operated the public sidewalk abutting 1515 Broadway, which includes the portion of the sidewalk constituting the entrance to Defendants' place of public accommodation.

105.    1515 Broadway Owner LP's failure to construct and maintain an accessible entrance from the public sidewalk to Defendants' place of public accommodation constitutes disability discrimination in a violation of the Administrative Code.

106.    Defendants discriminated against Plaintiff in violation of the NYCHRL (Administrative Code, § 8-107(4)) by maintaining and/or creating an inaccessible public accommodation.

107.    Defendants' conduct also violates the NYCHRL, Administrative Code 8-107 (17), which states that "an unlawful discriminatory practice . . . is established . . . [when plaintiff] demonstrates that a policy or practice of a covered entity or a group of policies or practices of a covered entity results in a disparate impact to the detriment of any group protected by the provisions of this chapter."

108.    Because Defendants' public accommodation is not readily accessible and usable by people with disabilities, Defendants have demonstrated a policy or practice that has a disproportionately negative impact on the disabled (including plaintiff).

109.    Defendants' conduct constitutes an ongoing and continuous violation of the NYCHRL. Unless Defendants are enjoined from further violations, Plaintiff will continue to suffer injuries for which there is no adequate remedy at law. In particular, Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Defendants' public accommodation.

110. As a direct and proximate result of Defendants' unlawful discrimination in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, and embarrassment.

111. Upon information and belief, Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the NYCHRL.

112. By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

113. Defendants engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to NYCHRL (Administrative Code § 8-502).

114. By refusing to make their place of public accommodation accessible, Defendants have unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have lawfully expended to pay for a fully compliant and accessible space. Defendants' unlawful profits plus interest must be disgorged.

115. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

116.    Plaintiff realleges and incorporates by reference all allegations set in this Complaint as if fully set forth herein.

117.    Defendants discriminated against Plaintiff pursuant to New York State Executive Law.

118.    Consequently, Plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each and every violation.

119.    Notice of this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

### INJUNCTIVE RELIEF

120.    Plaintiff will continue to experience unlawful discrimination as a result of Defendants' failure to comply with the above-mentioned laws.  Therefore, injunctive relief is necessary to order Defendants to alter and modify their place of public accommodation and their operations, policies, practices, and procedures.

121.    Injunctive relief is also necessary to make Defendants' facilities readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

122.    Injunctive relief is further necessary to order Defendants to provide auxiliary aids or services, modification of their policies, and the provision of alternative methods, in accordance with the ADA, NYSHRL, and the NYCHRL.

### JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, jointly and severally, in favor of Plaintiff that contains the following relief:

A.  Enter declaratory judgment declaring that Defendants have violated the ADA and its implementing regulations, the NYSHRL, and the NYCHRL and declaring the rights of Plaintiff as to Defendants' place of public accommodation, and Defendants' policies, practices, and procedures;

B.  Issue a permanent injunction ordering **Defendants to close and cease all business** until Defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, the NYSHRL, and the NYCHRL, including but not limited to the violations set forth above;

C.  Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D.  Award Plaintiff compensatory damages as a result of Defendants' violations of the NYSHRL and the NYCHRL;

E.  Award Plaintiff punitive damages in order to punish and deter the Defendants for their violations of the NYCHRL;

F.  Award Plaintiff the monetary penalties for each and every violation of the law, per defendant, pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

G.  Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the NYSHRL and NYCHRL;

H.  Find that Plaintiff is a prevailing party and award reasonable attorney's

fees, costs, and expenses pursuant to the ADA; and

I.   For such other and further relief, at law or in equity, to which Plaintiff

may be justly entitled.

Dated: January 5, 2023
         New York, New York

                                        Respectfully submitted,

                                        **PARKER HANSKI LLC**

                                        By:_____/s_____
                                                Robert G. Hanski, Esq.
                                                Attorneys for Plaintiff
                                                40 Worth Street, Suite 602
                                                New York, New York 10013
                                                Telephone: (212) 248-7400
                                                Facsimile: (212) 248-5600
                                                Email: rgh@parkerhanski.com